# EXHIBIT 2

CAUSE NO. 2006-55176

| | | |
|---|---|---|
| RUSSIAN ENERGY ADVISORS, L.L.C. | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ATLAS PETROLEUM INTERNATIONAL, | § | |
| LIMITED; ORANTO PETROLEUM LIMITED; | § | |
| and ARTHUR EZE | § | 334 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Russian Energy Advisors, L.L.C. ("Plaintiff") files this its Original Petition and would respectfully show as follows:

### I.
### DISCOVERY AND JURY DEMAND

1. Plaintiff intends to conduct Level II discovery in this case pursuant to Texas Rule of Civil Procedure 190.3. Plaintiff demands a trial by jury and hereby tenders the requisite fee to the Clerk of this Court.

### II.
### PARTIES

2. Plaintiff is Russian Energy Advisors, L.L.C., a Texas limited liability company with its principal place of business in Houston, Harris County, Texas. Plaintiff's president, who is a member, is a resident of Houston, Harris County, Texas and a citizen of the state of Texas.

3. Defendant Atlas Petroleum International Limited is a Nigerian company. It is located at 4, Akin Olugbade Street, Off Idowu Martins Street, Victoria Island, Lagos, Nigeria, Attn: Arthur Eze. It may be served in accordance with TEX. R. CIV. P. 108a(1)(a) and Nigerian law.

1

4. Defendant Oranto Petroleum Limited is a Nigerian company. It is located at 4, Akin Olugbade Street, Off Idowu Martins Street, Victoria Island, Lagos, Nigeria, Attn: Arthur Eze. It may be served in accordance with TEX. R. CIV. P. 108a(1)(a) and Nigerian law.

5. Defendant Arthur Eze is a resident and citizen of Nigeria. He is located at 4, Akin Olugbade Street, Off Idowu Martins Street, Victoria Island, Lagos, Nigeria. He may be served in accordance with TEX. R. CIV. P. 108a(1)(a) and Nigerian law.

## III.
## VENUE

6. Venue is proper in this Court because Harris County is the county "in which all or substantial part of the events . . . giving rise to [this] claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1).

## IV.
## JURISDICTION

7. Defendants are subject to personal jurisdiction in this Court because of their contacts with the state of Texas and because this Court's exercise of personal jurisdiction over the Defendants is consistent with due process under the U.S. Constitution. Defendants have purposefully availed themselves of the benefits and protections of Texas's laws by establishing such contacts in this state.

8. To the extent Defendants are served with process in the state of Texas, Defendants are subject to personal jurisdiction under the doctrine of transient jurisdiction.

9. Defendants are also subject to personal jurisdiction in this state under the doctrine of specific jurisdiction. Plaintiff's claims herein arise from and are directly related to Plaintiff's contacts within this state.

10. In this suit, Plaintiff brings claims against Defendants based upon their entry into the July 25, 2005 Consulting Agreement with Plaintiff, a Texas company. In addition, Plaintiff brings claims against Defendants based upon false representations made to Plaintiff, a Texas company. While in Texas, the Defendants knowingly and purposefully solicited the Plaintiff's services which are at issue in this suit, made representations concerning the services Defendants wished the Plaintiff to perform, and substantially negotiated the terms of the Consulting Agreement. With the Defendants' knowledge and consent, the data underlying the transactions in this case is kept in Houston, Texas.

## V.
### BACKGROUND

11. Plaintiff is a Texas company engaging in the business of providing consulting services in the oil and gas industry. Plaintiff, for example, provides consulting services to companies and individuals holding oil and gas licenses who are interested in attracting potential investors for participation in oil and gas ventures.

12. On or about July 26, 2005, Plaintiff and Defendants entered into the Consulting Agreement.

13. In the Consulting Agreement, the Defendants appointed Plaintiff as its advisory consultant to market Defendants' oil and gas licenses concerning properties in various West African countries to Lukoil, a Russian oil company. Plaintiff performed these services in accordance with the Consulting Agreement.

3

14. In return for the services rendered by Plaintiff, and in the event that the Defendants entered into any investment agreement with Lukoil relating to one of Defendants' licensed fields, the Defendants agreed to pay the Plaintiff a fee.

15. In particular, the Defendants agreed to pay Plaintiff, in cash, "ten percent (10%) of any signing bonus ("Signing Bonus")," which was defined to include, at a minimum, "all monies paid by [Lukoil] in consideration for its participation in ay licensed interest" held by the Defendants, excluding only money the Defendants had previously paid for expenses pursuant to the respective capital requirements for the license.

16. The Defendants further obligated themselves under the Consulting Agreement to: (1) direct Lukoil to pay Plaintiff's fees directly, (2) refrain from consummating any binding agreement with Lukoil without the prior written consent of Plaintiff; and (3) keep Plaintiff apprised of the status of all negotiations with Lukoil.

17. The initial term of the Consulting Agreement was for the twelve months following July 26, 2005. By the terms of the Consulting Agreement, this initial term was automatically extended for an additional six months because the Defendants and Lukoil were engaged in negotiations concerning an investment agreement with Lukoil relating to Defendants' licensed fields.

18. During the term of the Consulting Agreement, the Defendants and Lukoil consummated an investment agreement concerning one of Defendants' licensed fields, CI-205.

19. In violation of the Consulting Agreement, the Defendants have failed to pay the Plaintiff its fee under the Consulting Agreement.

20. In violation of the Consulting Agreement, the Defendants have consummated a binding agreement with Lukoil without the prior written consent of Plaintiff.

4

21. In violation of the Consulting Agreement, the Defendants have failed to keep Plaintiff apprised of the status of negotiations with Lukoil.

22. In addition, upon information and belief, the Defendants have failed to instruct Lukoil to pay the Plaintiff its fee under the Consulting Agreement.

23. Plaintiff has performed any and all conditions precedent to the receipt of its fee.

## VI.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT

24. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition.

25. The Consulting Agreement was a valid, enforceable contract between Plaintiff and the Defendants.

26. Plaintiff has standing to sue for breach of the Consulting Agreement.

27. Plaintiff performed its contractual obligations under the Consulting Agreement by rendering the consulting services required therein.

28. The Defendants have breached the Consulting Agreement by failing to pay the required fee in return for the consulting services rendered.

29. The Defendants' breaches have injured Plaintiff.

30. As a result of Defendants' conduct, Plaintiff has been required to retain underlying counsel to enforce its rights under the Consulting Agreement.

5

**B.     Fraud**

31.    Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition.

32.    During negotiations before the execution of the Consulting Agreement, and in the Consulting Agreement, the Defendants made representations to Plaintiff that were material and false. Specifically, the Defendants falsely represented that they would pay Plaintiff its fee in the event that the conditions set forth in the Consulting Agreement were met.

33.    When the Defendants made this misrepresentation, they knew it was false and/or made the representation recklessly, as a positive assertion, and without knowledge of its truth. The Defendants made their promise of payment of Plaintiff's fee, as set forth in the Consulting Agreement, with no intention of performing the promise.

34.    The Defendants made this misrepresentation with the intent that Plaintiff would act on it, which the Plaintiff did, to its detriment.

35.    Plaintiff relied on the Defendants' misrepresentations by, among other things, entering into the Consulting Agreement and performing consulting services based upon the expectation and promise that it would be paid as set forth in the Consulting Agreement.

# VII.
## PRAYER

36.    Wherefore, Plaintiff requests that Defendants be cited to appear and answer and that upon final jury trial, Plaintiff have judgment against them as follows:

a.     compensatory damages;

b.     exemplary damages;

c.  pre-judgment and post-judgment interest as provided by law;

d.  reasonable and necessary attorneys' fees;

e.  costs of suit; and

f.  such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**GIBBS & BRUNS, L.L.P.**

By: _/s/ Robin C. Gibbs_

Robin C. Gibbs
State Bar No. 07853000
Brandon T. Allen
State Bar No. 24009353
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone No.: (713) 650-8805
Facsimile No.: (713) 750-0903
**ATTORNEYS FOR PLAINTIFF**

7



I, Charles Bacarisse, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office this     December 15, 2006

Certified Document Number:     24159061   (Total Pages 7)

*Charles Bacarisse*

CHARLES BACARISSE, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2006-55176

| | | |
|---|---|---|
| RUSSIAN ENERGY ADVISORS, L.L.C. | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ATLAS PETROLEUM INTERNATIONAL, | § | |
| LIMITED; ORANTO PETROLEUM LIMITED | § | |
| and ARTHUR EZE | § | 334th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Russian Energy Advisors, L.L.C. ("Plaintiff") files this its First Amended Petition and would respectfully show as follows:

### I.
### DISCOVERY AND JURY DEMAND

1. Plaintiff intends to conduct Level II discovery in this case pursuant to Texas Rule of Civil Procedure 190.3. Plaintiff demands a trial by jury and has already tendered the requisite fee to the Clerk of this Court.

### II.
### PARTIES

2. Plaintiff is Russian Energy Advisors, L.L.C. ("Plaintiff"), a Texas limited liability company with its principal place of business in Houston, Harris County, Texas. Plaintiff's president, who is a member, is a resident of Houston, Harris County, Texas and a citizen of the state of Texas.

3. Defendant Atlas Petroleum International Limited ("Atlas") is a nonresident company organized and existing under the laws of Nigeria. Its home office address is 4, Akin Olugbade Street, Off Idowu Martins Street, Victoria Island, Lagos, Nigeria, Attn: Arthur Eze. Defendant Atlas may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin,

1

Texas 78701, as its agent for service of process. TEX. CIV. PRAC. & REM. CODE §§ 17.044(a)(1) & (b), 17.045. By statute, the Texas Secretary of State is authorized to act as its agent for service of process because Defendant Atlas has engaged in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process. This suit, to which Defendant Atlas is a party, arises out of Defendant Atlas's business in Texas. TEX. CIV. PRAC. & REM. CODE §§ 17.044(b), 17.045. In addition, the Texas Secretary of State is authorized to act as Defendant Atlas's agent for service of process because Defendant Atlas is required by statute to designate or maintain a resident agent or engages in business in this state but has not designated or maintained a resident agent for service of process. TEX. CIV. PRAC. & REM. CODE § 17.044(a)(1). Finally, Atlas may be served by personally serving Arthur Eze, its agent. Plaintiff requests that the Clerk of Court issue citations accordingly and provide such citations to counsel for Plaintiff so that Plaintiff or its representative may serve the Secretary of State, as agent for the Defendants, with process. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 17.026.

4. Defendant Oranto Petroleum Limited ("Oranto") is a nonresident company organized and existing under the laws of Nigeria. Its home office address is 4, Akin Olugbade Street, Off Idowu Martins Street, Victoria Island, Lagos, Nigeria, Attn: Arthur Eze. Defendant Oranto may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service of process. TEX. CIV. PRAC. & REM. CODE §§ 17.044(a)(1) & (b), 17.045. By statute, the Texas Secretary of State is authorized to act as its agent for service of process because Defendant Oranto has engaged in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process. This suit, to which Defendant Oranto is a party, arises out of Defendant Oranto's business in Texas. TEX. CIV. PRAC. & REM.

CODE §§ 17.044(b), 17.045. In addition, the Texas Secretary of State is authorized to act as Defendant Oranto's agent for service of process because Defendant Oranto is required by statute to designate or maintain a resident agent or engages in business in this state but has not designated or maintained a resident agent for service of process. TEX. CIV. PRAC. & REM. CODE § 17.044(a)(1). Finally, Oranto may be served by personally serving Arthur Eze, its agent. Plaintiff requests that the Clerk of Court issue citations accordingly and provide such citations to counsel for Plaintiff so that Plaintiff or its representative may serve the Secretary of State, as agent for the Defendants, with process. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 17.026.

5. Defendant Arthur Eze is a individual who is a nonresident of Texas, whose home address is 4, Akin Olugbade Street, Off Idowu Martins Street, Victoria Island, Lagos, Nigeria, Attn: Arthur Eze. Defendant Eze may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as his agent for service of process. TEX. CIV. PRAC. & REM. CODE §§ 17.044(a)(1) & (b), 17.045. By statute, the Texas Secretary of State is authorized to act as his agent for service of process because Defendant Eze has engaged in business in Texas but does not maintain a regular place of business in this state or a designated agent for service of process. This suit, to which Defendant Eze is a party, arises out of Defendant Eze's business in Texas. TEX. CIV. PRAC. & REM. CODE §§ 17.044(b), 17.045. In addition, the Texas Secretary of State is authorized to act as Defendant Eze's agent for service of process because Defendant Eze engaged in business in this state but has not designated or maintained a resident agent for service of process. TEX. CIV. PRAC. & REM. CODE § 17.044(a)(1). Finally, Eze may be served by personal service. Plaintiff requests that the Clerk of Court issue citations accordingly and provide such citations to

3

counsel for Plaintiff so that Plaintiff or its representative may serve the Secretary of State, as agent for the Defendants, with process. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 17.026.

### III.
### VENUE

6. Venue is proper in this Court because Harris County is the county "in which all or substantial part of the events . . . giving rise to [this] claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1).

### IV.
### JURISDICTION

7. Defendants are subject to personal jurisdiction in this Court because of their contacts with the state of Texas and because this Court's exercise of personal jurisdiction over the Defendants is consistent with due process under the U.S. Constitution. Defendants have purposefully availed themselves of the benefits and protections of Texas's laws by establishing such contacts in this state.

8. To the extent Defendants are served with process in the state of Texas, Defendants are subject to personal jurisdiction under the doctrine of transient jurisdiction.

9. Defendants are also subject to personal jurisdiction in this state under the doctrine of specific jurisdiction. Plaintiff's claims herein arise from and are directly related to each of the Defendants' contacts within this state.

10. In this suit, Plaintiff brings claims against Defendants based upon their entry into the July 25, 2005 Consulting Agreement with Plaintiff, a Texas company. The Consulting Agreement is attached hereto as Exhibit 1. In addition, Plaintiff brings claims against Defendants based upon false representations they made while in Texas to Plaintiff, a Texas company. While in Texas, the Defendants: knowingly and purposefully solicited the Plaintiff's services which are at issue in this

4

suit, made representations concerning the services Defendants wished the Plaintiff to perform, made misrepresentations concerning the actions that the Defendants would undertake to compensate the Plaintiff for its services, and substantially negotiated the terms of the Consulting Agreement, which the Defendants have breached. With the Defendants' knowledge and consent, the data underlying the transactions in this case is kept in Houston, Texas. Plaintiff executed the Consulting Agreement in reliance upon the Defendants' misrepresentations. The Plaintiff, in further reliance upon the Defendants' statements, performed the services under the Consulting Agreement largely in and from Harris County, Texas.

11. Each of the nonresident defendants engaged in business in this state. TEX CIV. PRAC. & REM. CODE § 17.042(1)-(3). Among other things, Defendants engaged in business in Texas by:

a. contracting in the Consulting Agreement by mail or otherwise with a Texas resident, Plaintiff, and the contract was performed in whole or in part in this state. Among other things, Plaintiff was to perform and did perform its services under the Consulting Agreement, in whole or in part, in Texas. In addition, Defendants were obligated contractually to perform in Texas by sending funds to Plaintiff in Texas, although they have failed to do so;

b. committing a tort in whole or in part in Texas against Plaintiff, a Texas company. Among other things, the Defendants fraudulently induced Plaintiff, a Texas company, to enter into the Consulting Agreement by making false representations of material fact to Plaintiff while in Texas; and

c. while present in Texas, recruiting a Texas resident, Plaintiff, for employment both inside and outside this state.

5

## V.
## BACKGROUND

12. Plaintiff is a Texas company engaging in the business of providing consulting services in the oil and gas industry. Plaintiff, for example, provides consulting services to companies and individuals holding oil and gas licenses who are interested in attracting potential investors for participation in oil and gas ventures.

13. On or about July 26, 2005, Plaintiff and Defendants entered into the Consulting Agreement.

14. In the Consulting Agreement, the Defendants appointed Plaintiff as its advisory consultant to market Defendants' oil and gas licenses concerning properties in various West African countries to Lukoil, a Russian oil company. Plaintiff performed these services in accordance with the Consulting Agreement.

15. In return for the services rendered by Plaintiff, and in the event that the Defendants entered into any investment agreement with Lukoil relating to one of Defendants' licensed fields, the Defendants agreed to pay the Plaintiff a fee.

16. In particular, the Defendants agreed to pay Plaintiff, in cash, "ten percent (10%) of any signing bonus ("Signing Bonus")," which was defined to include, at a minimum, "all monies paid by [Lukoil] in consideration for its participation in ay licensed interest" held by the Defendants, excluding only money the Defendants had previously paid for expenses pursuant to the respective capital requirements for the license.

17. The Defendants further obligated themselves under the Consulting Agreement to: (1) direct Lukoil to pay Plaintiff's fees directly, (2) refrain from consummating any binding agreement

6

with Lukoil without the prior written consent of Plaintiff; and (3) keep Plaintiff apprised of the status of all negotiations with Lukoil.

18. The initial term of the Consulting Agreement was for the twelve months following July 26, 2005. By the terms of the Consulting Agreement, this initial term was automatically extended for an additional six months because the Defendants and Lukoil were engaged in negotiations concerning an investment agreement with Lukoil relating to Defendants' licensed fields.

19. During the term of the Consulting Agreement, the Defendants and Lukoil consummated an investment agreement concerning one of Defendants' licensed fields, CI-205.

20. In violation of the Consulting Agreement, the Defendants have failed to pay the Plaintiff its fee under the Consulting Agreement.

21. In violation of the Consulting Agreement, the Defendants have consummated a binding agreement with Lukoil without the prior written consent of Plaintiff.

22. In violation of the Consulting Agreement, the Defendants have failed to keep Plaintiff apprised of the status of negotiations with Lukoil.

23. In addition, the Defendants have failed to instruct Lukoil to pay the Plaintiff its fee under the Consulting Agreement.

24. Plaintiff has performed any and all conditions precedent to the receipt of its fee.

## VI.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT

25. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition.

7

26. The Consulting Agreement was a valid, enforceable contract between Plaintiff and the Defendants.

27. Plaintiff has standing to sue for breach of the Consulting Agreement.

28. Plaintiff performed its contractual obligations under the Consulting Agreement by rendering the consulting services required therein.

29. The Defendants have breached the Consulting Agreement by failing to pay the required fee in return for the consulting services rendered.

30. The Defendants' breaches have injured Plaintiff.

31. As a result of Defendants' conduct, Plaintiff has been required to retain underlying counsel to enforce its rights under the Consulting Agreement and incur necessary and reasonable attorneys' fees.

**B.    Fraud**

32. Plaintiff incorporates by reference the allegations made in all foregoing and subsequent paragraphs of this Petition.

33. During negotiations before the execution of the Consulting Agreement, and in the Consulting Agreement, the Defendants made representations to Plaintiff that were material and false. Specifically, the Defendants falsely represented that they would pay Plaintiff its fee in the event that the conditions set forth in the Consulting Agreement were met. In addition, the Defendants falsely represented that they would perform all other obligations set forth in the Consulting Agreement, including (for example and without limitation) the promise to refrain from entering into a transaction without the prior approval of Plaintiff.

8

34. When the Defendants made these misrepresentations, they knew they were false and/or made the representations recklessly, as positive assertions, and without knowledge of their truth. The Defendants made their promises in the Consulting Agreement with no intention of performing them.

35. The Defendants made these misrepresentations with the intent that Plaintiff would act on them, which the Plaintiff did, to its detriment.

36. Plaintiff relied on the Defendants' misrepresentations by, among other things, entering into the Consulting Agreement and performing consulting services based upon the expectation and promise that it would be paid as set forth in the Consulting Agreement.

## VII.
### PRAYER

37. Wherefore, Plaintiff requests that Defendants be cited to appear and answer and that upon final jury trial, Plaintiff have judgment against them as follows:

   a. compensatory damages;

   b. exemplary damages;

   c. pre-judgment and post-judgment interest as provided by law;

   d. reasonable and necessary attorneys' fees;

   e. costs of suit;

   f. all general and special damages to which Plaintiff is entitled, including consequential damages; and

   f. such other and further relief to which Plaintiff may be justly entitled.

9

Respectfully submitted,

**GIBBS & BRUNS, L.L.P.**

By: _Robin C. Gibbs /BTA_
Robin C. Gibbs
State Bar No. 07853000
Brandon T. Allen
State Bar No. 24009353
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone No.: (713) 650-8805
Facsimile No.: (713) 750-0903

**ATTORNEYS FOR PLAINTIFF**



I, Charles Bacarisse, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office this ____December 15, 2006____

Certified Document Number: 24722049  (Total Pages 10)

*/s/ Charles Bacarisse*

CHARLES BACARISSE, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**